The City of Philadelphia *v.* Annesley N. Keithler et al., and David H. Lane, Clement Keen and John Simon, Appellants.

*Principal and surety—Bonds of public officers—Method of ascertaining loss.*

Where a judgment bond of a public officer provides that in case of default the loss shall be ascertained by certain municipal officers mentioned, whose sworn finding of loss shall be conclusive, a judgment cannot be entered on a scire facias to revive a judgment originally entered on the official bond, without a finding of loss in the manner prescribed by the bond; and a judgment entered upon a suggestion of a breach of the bond with an unverified bill of particulars, is improper, and it will be set aside.

Argued Jan. 22, 1896. Appeal, No. 141, July T., 1895, by defendants, from judgment of C. P. No. 3, Phila. Co., June T., 1880, No. 770, for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Scire facias to revive a judgment, entered originally upon a bond of Annesley N. Keithler, register of the water department of the city of Philadelphia.

The facts appear by the opinion of the Supreme Court.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*Joseph deF. Junkin,* for appellants.—The record did not entitle the plaintiff to either a general judgment or revival, or to an assessment of damages for any specific amount.

*E. Spencer Miller,* assistant city solicitor, *John L. Kinsey,* city solicitor, with him, for appellee.

OPINION BY MR. CHIEF JUSTICE STERRETT, Feb. 17, 1896:

On May 5, 1880, the appellants David H. Lane, Clement Keen and John Simon, with three others, became sureties on the official bond of the defendant, Annesley N. Keithler, then register of the water department of the city, in the penal sum of $25,000 conditioned, substantially, for the faithful performance by said Keithler of the duties of his office as register, etc. On June 19, 1880, by virtue of a warrant of attorney, of even date with the bond, judgment was confessed against the principal and his sureties for said penal sum. By writing filed, dated August 4, 1880, it was agreed that the lien of said judgment should be restricted to certain specified properties. Nothing more appears to have been done until March 10, 1887, when a suggestion was filed by the city solicitor, "that a default has been made by the defendants in the terms and conditions of the bond on which judgment has been entered in this case." On same day, a fieri facias was issued, and also a scire facias to revive the judgment, etc. The former writ was stayed, doubtless because it was improvidently issued; the latter was returned, "made known to Clement Keen, David H. Lane, James McElroy, Owen Cavanaugh, John Simon, George Gindele, and mortuus est as to Annesley N. Keithler." Separate affidavits of defense were afterwards filed by all the sureties, and some of them filed supplemental affidavits.

Seven years after the scire facias to revive, etc. was issued, a rule for judgment for want of sufficient affidavits of defense was entered; and on May 25, 1895, that rule was made "absolute as to Clement Keen, John Simon, and David H. Lane, and

. . . . damages assessed at $6,698.84, for defalcation of A. N. Keithler, as set forth in bill of particulars by the plaintiff, as to water meter rents, principal and interest; for defalcation as to other water rents in said bill of particulars mentioned, for the year 1886, $805, being a total of $7,942.56." Thus, after leisurely conducted proceedings, extending through a period of fifteen years from the entry of the original judgment, the case is brought here, for review, by the appellants.

Their contention is that, for several reasons set forth in their affidavits of defense, the entry of judgment on the scire facias and liquidation, against them, of the amount of their principal's so-called " defalcation," was unauthorized and erroneous.

In substance, the main reason is, that the amount of Keithler's alleged default had not, nor has it yet been ascertained in the manner specified in the official bond, on which they became sureties : The condition of that bond is :

" That if the above Annesley N. Keithler has heretofore, and hereafter shall and will perform the duties of the office of register of the water department of the city of Philadelphia to which he was appointed . . . . on the 5th day of January, 1880, as the same are defined by law or the ordinances of said city or otherwise, or as the same may be hereafter defined, for the official term for which he was elected, . . . . or for any term or terms for which he may hereafter be re-elected to said office, so long as he continues in said office during said original or any subsequent term or terms, then this obligation to be void, otherwise to remain in full force and virtue."

The bond also contains the following express stipulations, the first of which is more particularly applicable to the claim made by the city in this case :

(1) " That if any default shall happen on the part of the above bounden Annesley N. Keithler, or has heretofore happened, the ascertained amount thereof, which shall be determined by the city controller, and of the truth of which amount oath or affirmation shall be thereto made by said city controller, shall be final and conclusive upon us and that execution shall issue for the same."

(2) " That if any damage shall arise by reason of a breach of official duty, either by acts of commission or omission on the part of the above bounden Annesley N. Keithler, or has hereto-

fore arisen, the amount thereof, which shall be ascertained by any member of council, head of department or any other officer or agent of the city, and sworn to by him, shall be final and conclusive upon us in any proceeding which may be instituted by us, or by any one claiming under or through us, to set aside said execution or to open any judgment recovered on this bond or entered in pursuance of the warrant of attorney hereto annexed."

It is very evident that the purpose of these express stipulations was to provide a specific and, at the same time, convenient mode of liquidating the amount of damages recoverable by the city for breaches of Keithler's official bond as register of the water department of the city. The first, by its terms, applies to defaults that had theretofore happened or that might thereafter happen, on the part of the register. The second applies to any damage that had "theretofore arisen," or that might thereafter "arise by reason of a breach of (his) official duty, either by acts of commission or omission," and for which the city would be answerable. It was therefore the plain duty of the city when it undertook to proceed against the register, Keithler, and his sureties for the purpose of collecting claims or damages, resulting from breaches of his official bond to pursue the mode, of ascertaining and determining the amount thereof, specifically agreed upon by the parties and fully set forth in the bond itself; but, instead of doing that, resort was had to other and entirely different methods, which neither the principal obligor nor his sureties appear to have ever assented to. The first was to file and depend upon the vague and indefinite suggestion of breaches,—hereinbefore quoted,—dated March 10, 1887, the day the scire facias to revive et quare executionem non was issued. This suggestion was without verification of any kind, save the signatures of the city solicitor and his assistant. The other was to file March 28, 1888, an unverified bill of particulars, signed by the city solicitor and entitled in the case. It read thus: "The said plaintiff as to the said default of the said Keithler in the above case sets forth the said default particularly as follows:" This is followed by three groups or classes of items under the following heads, respectively, etc.

| "1. From water meters," | aggregating | "$4,756.85" |
| "2. From water rents for the year 1886" | do | "805.00" |
| "3. From fees for permits to open streets" | do | $7,149.00" |
| "Total | | $12,710.85" |

While the general suggestion of breaches, followed, a year thereafter, by the bill of particulars above referred to, may be well enough in their way, it cannot be pretended that either alone, or both combined obviates the necessity of resorting to the specific mode of ascertaining and finally determining the amount—if anything—which the city was or is entitled to collect for alleged breaches of the condition of the register's official bond. It would be a waste of time to discuss such a proposition. It was the manifest duty of the city to comply with the plain and imperative requirements of the stipulation above quoted. Its failure to do so is fatal to the validity of the judgment against the appellants.

It is unnecessary to notice other grounds of defense suggested in the affidavits.

Judgment reversed and record remitted for further proceedings.